IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ERIC TROTT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | C.A. No. K23M-10-013 NEP |
| v. | ) | |
| | ) | |
| | ) | |
| DELAWARE DIVISION OF CHILD | ) | |
| SUPPORT SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Submitted: March 20, 2025
Decided: April 3, 2025

*Upon Petitioner's Motion for Reargument*

**DENIED**

Petitioner Eric Trott ("Petitioner") has filed a "Motion for Reconsideration of Granting of the [sic] Summary Judgment." For the following reasons, Petitioner's motion is **DENIED**.

1. On March 13, 2025, the Court granted summary judgment to Respondent Delaware Division of Child Support Services ("Respondent"), finding that Petitioner's claim was barred by the applicable statute of limitations.

2. On March 20, 2025, Petitioner filed the instant motion, which the Court deems a timely motion for reargument pursuant to Superior Court Civil Rule 59(e).

3. "Delaware law places a heavy burden on a party seeking relief pursuant to Rule 59."[1] The disposition of motions under Rule 59(e) is within the discretion of the Court.[2]

4. To succeed on a motion for reargument pursuant to Rule 59(e), the movant must "demonstrate newly discovered evidence, a change in the law, or manifest injustice."[3] Motions for reargument should not be used to rehash arguments already decided by the Court, or to present new arguments not previously raised.[4] Using a motion for reargument for either of these improper purposes "frustrate[s] the efficient use of judicial resources, place[s] the opposing party in an unfair position, and stymie[s] 'the orderly process for reaching closure on the issues.'"[5] In order for such a motion to be granted, the movant must show that "the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[6]

5. Petitioner's motion reads, in its entirety, as follows:

> The fact that the Delaware Division of Child Support did a
> Audit [sic] on August 1, 2003, and did not inform French
> Nutter, or Eric Trott of their findings. The Delaware Division
> of Child Support knew the money had not been dispersed

[1] *Newborn v. Christiana Psych. Serv., P.A.*, 2017 WL 394096, at *2 (Del. Super. Jan. 25, 2017) (internal quotation omitted).

[2] *Indep. Mall, Inc. v. Wahl*, 2013 WL 871309, at *1 (Del. Super. Jan. 17, 2013).

[3] *Brenner v. Vill. Green, Inc.*, 2000 WL 972649, at *1 (Del. Super. May 23, 2000), *aff'd*, 763 A.2d 90 (Del. 2000) (citing *E.I. duPont de Nemours Co. v. Admiral Ins. Co.*, 711 A.2d 45, 55 (Del. Super. 1995)).

[4] *Tilghman v. Del. State Univ.*, 2012 WL 5551233, at *1 (Del. Super. Oct. 16, 2012).

[5] *Id.* (citing *Plummer v. Sherman*, 2004 WL 63414, at *2 (Del. Super. Jan 14, 2004)).

[6] *Kennedy v. Invacare, Inc.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006) (quoting *Bd. of Managers of the Del. Crim. Just. Info. Sys. v. Gannett Co.*, 2003 WL 1579170, at *1 (Del. Super. Jan. 17, 2003)).

> [sic], and did nothing. The statute of limitations should not apply, because we where [sic] never informed.

6. As the Court observed in its March 13 order, none of the documentation and arguments that Petitioner provided in response to Respondent's motion for summary judgment were relevant to the statute of limitations issue. It is clear that Petitioner could have raised the arguments that he now seeks to raise in response to Respondent's motion. Allowing Petitioner to do so now would frustrate the efficient use of judicial resources, place the opposing party in an unfair position, and stymie the orderly process for reaching closure on the issues.[7]

7. In addition, even were the Court to allow Petitioner to present these untimely arguments, they would be unavailing: as the Court noted in its March 13 order, Petitioner admits that he had actual notice on December 25, 2019, that the funds in question were not distributed, but he waited until October 24, 2023, to file his Petition—well outside the statute of limitations.

**WHEREFORE**, Petitioner's motion for reargument is **DENIED**.

**IT IS SO ORDERED.**

_____
Judge

NEP/tls
*Via File & ServeXpress* and *U.S. Mail*
oc:    Prothonotary (*Via File & ServeXpress*)
      Counsel of Record (*Via File & ServeXpress*)
      Eric Trott, *Pro Se* (*Via U.S. Mail*)

---

[7] *Tilghman*, 2012 WL 5551233, at *1.